**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2012

No. 11-60201

Lyle W. Cayce
Clerk

JORGE A. ARELLANO-ACOSTA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A075 214 800

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Jorge A. Arellano-Acosta, a native and citizen of Mexico, entered the United States without inspection in 1995. In 1997, his status was adjusted to that of a lawful permanent resident ("LPR") pursuant to 8 U.S.C. § 1255(i). In February 2010, the Department of Homeland Security charged Arellano-Acosta with being inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because of his 2006 conviction in Nevada state court of a crime of moral turpitude. The Immigration Judge held, and the Board of Immigration Appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60201

("BIA") agreed, that Arellano-Acosta (1) is inadmissible on those grounds, and (2) is not eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h) because his Nevada crime of conviction is an aggravated felony.

Section 1182(h) provides, in relevant part:

No waiver shall be granted under this subsection in the case of an alien *who has previously been admitted* to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony[.][1]

With respect to an alien, the Immigration and Nationality Act defines "admission" and "admitted" to mean "the lawful *entry* of the alien into the United States *after [1] inspection and [2] authorization* by an immigration officer."[2]

In *Martinez v. Mukasey*,[3] we reasoned, based on this statutory language, that (1) an alien who had never lawfully entered into the United States after inspection and authorization was never "admitted to the United States," and (2) a post-entry adjustment of status does not qualify as an admission. We held, therefore, that an alien like Martinez, who becomes an LPR only after entering the United States, remains eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h).[4]

*Martinez* squarely applies to the instant case. On the basis of its prior decision in *Matter of Koljenovic*,[5] the BIA attempted to distinguish this case from *Martinez* on the grounds that the alien in *Martinez* had entered the United States lawfully as a non-immigrant visitor before becoming an LPR. Our

---

[1] Emphasis added.

[2] 8 U.S.C. § 1101(13)(A) (emphasis added).

[3] 519 F.3d 532, 544 (5th Cir. 2008).

[4] *Id*. at 546.

[5] 25 I. & N. Dec. 219, 223 (BIA 2010).

No. 11-60201

holding in *Martinez*, however, was not predicated on whether the alien had entered the United States (1) pursuant to a lawful, non-permanent status, as in that case, or (2) without any lawful status, as in the present case and *Koljenovic*. Rather, we held more broadly in *Martinez* that (1) according to the unambiguous statutory text, an *admission* requires a lawful entry into the United States *after inspection and authorization*, and (2) an adjustment in status after an alien is already in the United States does not qualify as an admission. Indeed, if an alien, like Martinez, who legally entered the United States as a visitor, was never "admitted" for purposes of § 1182(h), then an alien like Arellano-Acosta, who entered the United States without any legal status at all, certainly should not be deemed to have been "admitted." Since its ruling in *Koljenovic*, the BIA has recognized the breadth of our holding in *Martinez*, announcing in *Matter of Rodriguez*[6] (decided after the BIA's decision in this case) that, for cases arising in the Fourth, Fifth, and Eleventh Circuits, an adjustment of legal status cannot be considered an admission for purposes of § 1182(h), notwithstanding the purported distinction set out by the BIA in *Koljenovic*.

Because *Martinez* controls, Arellano-Acosta is eligible for a waiver of inadmissibility. We therefore reverse the BIA's decision and remand this case to the BIA with instructions to remand it to the Immigration Judge for a full and appropriate evidentiary hearing on the admittedly discretionary question of Petitioner's entitlement to a waiver of inadmissibility. In light of our remand with instructions, we deny Respondent's motion to remand this case without decision.

REVERSED and REMANDED with instructions.

---

[6] 25 I. & N. Dec. 784, 788 (BIA 2012).